SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

July 11, 2016

**STATE MAIL – S980C**
Robert L. Cooper
SBI # 00413612
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

RE:    *State of Delaware v. Robert L. Cooper*
       **ID No: 1207010004A**

Dear Mr. Cooper:

This is my decision on your Motion for Postconviction Relief. You pled guilty to charges of Failing to Register as a Sex Offender and Unlawful Sexual Contact Against a Child. The charges arose out of your unlawful sexual contact with a minor in a house you were staying in as a guest and your failure to register as a sex offender. More specifically, you crawled into bed with a seven-year-old girl and touched her vagina. Prior to your acceptance of the State's plea offer, the State moved to have you declared a habitual offender. I granted the State's request. You and the State entered into a plea agreement on July 3, 2013. It provided that the State and your attorney would recommend to me that you receive a time-served sentence for the Failing to Register as a Sex Offender charge, and 25 years at Level V, suspended after

serving 8 years at Level V, for the Unlawful Sexual Contact Against a Child charge. I followed that recommendation and gave you that sentence. This is your first motion for postconviction relief and it was filed in a timely manner.

You allege (1) that your trial counsel was ineffective, (2) that the sex offense was committed by another person, (3) that your sentence was improper, (4) that there are contradictions in the facts of the case, and (5) that the victim's family delayed in contacting the police so that they could concoct a story to frame you. Your trial counsel filed an affidavit responding to your allegations. I appointed postconviction counsel to represent you. However, she concluded that there was no merit to your allegations. Given the straightforward nature of your allegations, I have concluded that there is no need to conduct an evidentiary hearing. Since you pled guilty, I must determine if your trial counsel's representation of you left you with no choice but to plead guilty. If it did not, then I must determine if you made a knowing, intelligent and voluntary waiver of your constitutional rights when you pled guilty.

## I. Ineffective Assistance of Counsel

You allege that your trial counsel was ineffective because 1) he did not get you the plea offer you wanted, 2) he did not subpoena the witnesses you wanted subpoenaed for trial, and 3) he forced you to take a plea when you wanted to go to trial. You also allege that your postconviction relief counsel failed to communicate

2

with you and to adequately defend you. The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[1] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[2] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[3] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[4]

## A. The Plea Offer

You allege that your trial counsel was ineffective because he told you for three months that the prosecutor was offering you a plea deal of five years, which you were

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[3] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[4] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

not willing to take. Presumably, you are alleging that because your plea deal ended up being for eight years instead of five years that your trial counsel was ineffective for telling you that a five-year offer was available. The record does not support your allegation. In his affidavit, your trial counsel stated that the prosecutor was willing to offer a five-year deal if his supervisor would approve it. The prosecutor's supervisor would only approve a plea offer of eight years. You ended up taking that plea offer even though it was not what you wanted.

Your postconviction counsel further reviewed the records and your trial counsel's case activity log and found that the prosecutor made an offer of 1) a life recommendation with a presentence investigation, or 2) eight years at Level V. The case activity log also mentions a potential offer of five years with supervisory approval. This information is consistent with your trial counsel's version of the events. Moreover, a defendant has no constitutional right or other legal entitlement to a plea offer.[5] In *State v. Matthews* this Court held that a defendant was not entitled to postconviction relief after the defendant claimed his trial counsel was ineffective for failing to convince the State to offer a plea to the defendant.[6] In denying postconviction relief, this Court held: "Since the State does not have a duty to extend

---

[5] *Washington v. State*, 844 A.2d 293, 295 (Del. 2004).

[6] *State v. Matthews*, 2014 WL 2538716, at *5 (Del. Super. May 29, 2014).

4

any plea offer to a defendant, this Defendant cannot complain that his counsel was ineffective because counsel could not convince the State to offer the plea Defendant wanted to accept."[7]  Your trial counsel's handling of the State's plea offer did not leave you with no option but to plead guilty.  This allegation is without merit.

## B. Subpoena Witnesses

You allege that your trial counsel was ineffective because he failed to subpoena two witnesses you wanted for trial.  Specifically, you allege that you told your trial counsel to subpoena Leanna Bishop and Walter Richardson.  You contend that they would have testified to living in the same house as you and to the fact that the house was infested with bed bugs.  You claim that the reason you were sharing a bed with the victim was because you were getting bitten by bed bugs in your bed.  Your trial counsel subpoenaed Robert Bangs, the victim's father, and Dr. Hector Maya.  Your trial counsel stated that Robert Bangs would have testified that there were bugs in the house and that Dr. Hector Maya would have testified that you had a "nonspecific skin eruption," which you allege was from the bed bug bites.  It is unclear what more your two witnesses could have offered that would have been helpful and not redundant.  Nevertheless, while there may have been a bed bug problem in the house, the proposed testimony does not persuasively address any of the charges against you.

---

[7] *Id.*

Indeed, even if there were bugs in your bed, that does not justify you crawling into bed with a child. There is no doubt that a jury would not have found that to be much of an excuse. Your trial counsel subpoenaed witnesses who were going to provide the testimony you wanted. Your trial counsel's representation in this matter did not leave you with no other option than to pled guilty. This allegation is without merit.

## C. Wanted to go to Trial

You allege that your trial counsel was ineffective because he forced you to take a plea when you wanted to go to trial. Nothing in your actions prior to accepting the plea offer or in your current motion supports your allegation. The basis of this allegation seems to be that your trial counsel told you that you were facing a life sentence. That was the unpleasant reality you were facing. The following are the applicable portions of the Truth-in-Sentencing Guilty Plea Form that address the voluntary nature of your plea:

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter

6

this plea?

You answered "no."

**********

The following are the applicable portions of your plea colloquy that address the voluntary nature of your plea:

THE COURT: Mr. Cooper, I understand you have decided to plead guilty to charges of failing to register or re-register as a sex offender, and sex offender-unlawful sexual conduct against a child.

THE DEFENDANT: Yes, Your Honor.[8]

**********

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No.

THE COURT: Did anybody promise you anything in exchange for it?

THE DEFENDANT: No.[9]

**********

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

---

[8] Plea Transcript at 4 (July 3, 2013).

[9] *Id*. at 5-6.

7

THE DEFENDANT: Yes, Your Honor.[10]

You are bound by the answers you gave to the questions on the Truth-in-Sentencing Guilty Plea Form and during your plea colloquy.[11] Based on the answers that you gave, I conclude that your guilty plea was made voluntarily.

## D. Postconviction Counsel

You allege that your postconviction counsel was ineffective due to her failure to communicate with you and to defend you. You were assigned counsel for your postconviction relief motion. Your postconviction counsel undertook a thorough analysis of the record and evaluated your claims. After this review, your postconviction counsel determined there was not enough merit to your claims to be ethically advocated. Furthermore, she could not find any other potential meritorious grounds for relief. As a result, you postconviction counsel filed a motion to withdraw as your counsel. I reviewed that motion and granted it. This allegation is without merit and had no bearing on your decision to accept the State's plea deal.

In summary, I conclude that your trial counsel's representation of you did not leave you with no choice but to plead guilty and that your postconviction counsel correctly concluded that there was no merit to your allegations.

---

[10] *Id.*

[11] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

8

## II. Waiver of Rights

I have reviewed the Truth-in-Sentencing Guilty Plea Form and the plea colloquy and determined it is clear that you made a knowing, intelligent and voluntary waiver of your trial rights. Before accepting a guilty plea, the trial court must engage the defendant in a series of questions in open court in order to determine the voluntariness of the plea.[12] This plea colloquy must be preserved on the record and the judge must determine that the defendant realizes and understands the nature of the charges and the various penalties provided for that offense.[13] "The record must reflect that a defendant understands that the guilty plea constitutes a waiver of a trial on the charges and the various constitutional rights to which he would have been entitled had he gone to trial."[14] "A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[15] Where the defendant has signed his Truth-in-Sentencing Guilty Plea Form and answered at the plea colloquy that he understands the effects of the plea, the defendant must show by clear and convincing evidence that he did not sign this form knowingly and voluntarily.[16]

---

[12] *Weeks v. State*, 653 A.2d 266, 269 (Del. 1995).

[13] *Sullivan v. State*, 636 A.2d 931, 937 (Del. 1994).

[14] *Id.*

[15] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[16] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

The record demonstrates that you understood the rights you waived and did so knowingly, intelligently and voluntarily. This is demonstrated by your answers on the Truth-in-Sentencing Guilty Plea Form and your answers during the plea colloquy. The following are the applicable questions and your answers on the Truth-in-Sentencing Guilty Plea Form:

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter this plea?

You answered "no."

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights:

(1) to have a lawyer represent you at trial;

(2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;

(3) to a speedy and public trial by jury;

(4) to hear and question the witnesses against you;

(5) to present evidence in your defense;

(6) to testify or not testify yourself; and

(7) to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer?

You answered "yes."

The following is an excerpt of your plea colloquy:

THE COURT: Mr. Cooper, I understand you have decided to plead guilty to charges of failing to register or re-register as a sex offender, and sex offender-unlawful sexual conduct against a child.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand the nature of each one of those offenses?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understand the charge you are pleading guilty to; is that correct?

THE DEFENDANT: Yes.

THE COURT: All right. You understand that because of your status as a habitual offender on the first charge, failing to register or re-register as a sex offender, you face a sentence of up to life in prison? Do you know that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that on the other charge you face a sentence from two to 25 years in jail?

11

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have certain rights, Mr. Cooper; those rights are listed on the Truth-In-Sentencing Guilty Plea Form that you have already signed.

Have you discussed those rights with [Counsel]?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand all of those rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by pleading guilty to these two offenses you are waiving all of those rights and there won't be a trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did anybody force you to take this plea?

THE DEFENDANT: No.

THE COURT: Did anybody promise you anything in exchange for it?

THE DEFENDANT: No.

THE COURT: Did you commit these two offenses?

THE DEFENDANT:  I'm taking a plea.  Yes.

THE COURT: Is that a yes?

THE DEFENDANT: Yes.

THE COURT: All you satisfied with [Counsel's] representation of you?

THE DEFENDANT: Yes.

THE COURT: Are you sure that this is how you wish to resolve the charges against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Based on that, I will accept your plea as being made knowingly, intelligently and voluntarily.[17]

One of the rights you waived was the right to have a trial on the charges against you. If you had wanted to have had a trial, you certainly could have done so. All you had to do was turn down the State's plea offer and proceed to trial. You chose not to do that. I am satisfied now, as I was on July 3, 2013, that you made a knowing, intelligent and voluntary decision to waive your rights and plead guilty. Your allegation is without merit.

## III. The Real Perpetrator

You allege that Victor Kyle actually committed the sex offense in this case. Apparently, Mr. Kyle was incarcerated on similar charges and, according to you, may have been a possible witness for the State. There is no evidence in the record to support your allegation. The victim in this case identified you as the person who sexually assaulted her, and no one else. Additionally, you admitted during your plea

---

[17] Plea Transcript at 4-6 (July 3, 2013).

colloquy that you committed the crimes charged. This allegation is without merit and was knowingly, intelligently and voluntarily waived by pleading guilty.

## IV. The Court's Sentence

You allege that the Court's sentence does not match the plea deal you accepted. I sentenced you to 161 days on the Failing to Register as a Sex Offender charge with credit for 161 days served, and 25 years at Level V, suspended after eight years at Level V, on the Unlawful Sexual Contact charge. The plea agreement, which you signed, set forth the exact sentence I gave you. You have presented no evidence that you received a sentence other than the one you agreed to and which you stated you understood during the plea colloquy. Additionally, this Court is not bound by the plea agreement. I could have given you a longer sentence, but I did not. This allegation is without merit and was knowingly, intelligently and voluntarily waived by pleading guilty

## V. Conflicting Facts

You allege that there was a contradiction in the facts which placed you in two different locations at the same time. You could have challenged those facts at trial, but chose to accept a plea deal instead, thereby waiving your right to do this. Moreover, the victim in this case identified you as the person who molested her. Even worse, you actually placed yourself in her bed, claiming you were sleeping there

14

because of the bed bug problem. This allegation is without merit and was knowingly, intelligently and voluntarily waived by pleading guilty

## VI. Delay in Contacting the Police

You allege that the victim's family delayed in contacting the police so that they could concoct a story to frame you. A victim in a sexual assault case can have numerous reasons for not contacting the police immediately after the assault. The facts demonstrate that you sexually assaulted the victim at night on July 5, 2012. The victim informed her mother about the assault on July 6, 2012. The victim's mother reported the sexual assault to the Delaware State Police on July 8, 2012. There could be any number of reasons why the victim and her family waited a mere two days to contact the police. There is nothing unusual about this. Moreover, you have not identified any facts supporting your allegations that the victim's family was out to frame you. This allegation is without merit and was knowingly, intelligently and voluntarily waived by pleading guilty.

## CONCLUSION

Your Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Prothonotary
        Counsel